In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00080-CV


____________________



CONCORD CAPITAL GROUP, LLC AND CONCORD CAPITAL


GROUP, TRUSTEE, Appellants



V.



CEDAR POINT PROPERTY OWNER'S ASSOCIATION, INC., Appellee 


 




On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV24443






MEMORANDUM OPINION



 The judgment was signed November 10, 2008, and a motion for new trial was filed
within thirty days of the date of judgment. Notice of appeal was due February 9, 2009. See
Tex. R. App. P. 26.1(a). Concord Capital Group, LLC and Concord Capital Group, Trustee
filed notice of appeal on February 24, 2009. On March 9, 2009, appellee Cedar Point
Property Owner's Association filed a motion to dismiss the appeal for want of jurisdiction. 
On March 12, 2009, we notified the parties that the notice of appeal had not been timely filed
but that appellants could request an extension of time for filing notice of appeal. See Tex.
R. App. P. 26.3. Appellants neither filed a response to appellee's motion to dismiss nor filed
a motion for extension of time for filing notice of appeal. On April 8, 2009, the trial court
clerk notified the Court that appellants had not made arrangements to pay for the record. See
Tex. R. App. P. 37.3. On April 16, 2009, we notified the parties that the appeal would be
dismissed unless within ten days appellants: (1) filed a motion for extension of time to file
notice of appeal; (2) paid the filing fee for appeal; and (3) either proved arrangements had
been made to pay the fee for the clerk's record or explained why additional time was needed
for filing the clerk's record. Appellants neither filed a response nor paid the filing fee for the
appeal.

 Upon motion or notice, an appellate court may dismiss an appeal if the appeal is
subject to dismissal for want of jurisdiction, for want of prosecution, or because the
appellants failed to comply with a requirement of the Texas Rules of Appellate Procedure,
a court order, or a notice from the clerk requiring a response or other action within a
specified time. See Tex. R. App. P. 42.3. Here, the appellants failed to pay the filing fee
when directed to do so, failed to file a motion for extension of time when directed to do so,
failed to show that they were not at fault for the failure to file the clerk's record, and failed
to respond to the appellee's motion that alleged appellants had failed to timely perfect the
appeal. Accordingly, we dismiss the appeal.

 APPEAL DISMISSED.

 ____________________________

 STEVE McKEITHEN

 Chief Justice


Opinion Delivered May 14, 2009

Before McKeithen, C.J., Gaultney and Horton, JJ.